Filed 7/18/25  P. v. Lopez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B334883 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA022902) |
| v. | |
| EMILIO VALDEZ LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Martin Larry Herscovitz, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Shezad H. Thakor and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Emilio Valdez Lopez appeals the superior court's order of resentencing pursuant to Penal Code section 1172.75.[1] Lopez argues the court should have dismissed three firearm enhancements in the interest of justice under section 1385, subdivision (c). We conclude the superior court duly weighed the relevant mitigating and aggravating circumstances and did not abuse its discretion by determining dismissal of the firearm enhancements was not in the interest of justice. Accordingly, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.   *Conviction and Sentence*

In 1995, Lopez and two companions robbed Martina Mora and her family at gunpoint in their home. Lopez held a gun to Mora's head and threatened two other family members with the gun during the robbery.

Lopez was charged with four counts of first degree home invasion robbery (§§ 211, 213; counts 1-4), three counts of assault with a firearm (§ 245, subd. (a)(2); counts 5-7), and one count of first degree burglary (§ 459; count 8). As to all counts, the information alleged that Lopez personally used a firearm (§ 12022.5, subd. (a)). The information also alleged that Lopez had served a prior prison term within the meaning of section 667.5, subdivision (b).

---

[1]   Undesignated statutory references are to the Penal Code.

2

Except for one count of robbery (count 4), the jury convicted Lopez on all counts and found the special allegations true.[2] The trial court sentenced Lopez to a total determinate term of 29 years. The court selected an upper term of nine years on count 1 as the base term, plus 10 years on the section 12022.5 firearm enhancement. On counts 2 and 3, the court imposed two consecutive two-year terms, plus two terms of 16 months on the respective section 12022.5 firearm enhancements. It imposed a consecutive term of one year on count 7, plus 16 months on the section 12022.5 enhancement, and a consecutive one-year term on the section 667.5 enhancement. The court stayed punishment on all remaining counts.

Lopez appealed, and this Court affirmed the judgment in an unpublished opinion. (*People v. Lopez* (Oct. 16, 1997, B106004) [nonpub. opn.].)

B.      *Resentencing Proceedings Under Section 1172.75*

In 2022, the California Department of Corrections and Rehabilitation (CDCR) identified Lopez for resentencing review under former section 1171.1, now section 1172.75, and in 2023, the court held a resentencing hearing.

Before the hearing, Lopez, through appointed counsel, filed a resentencing memorandum arguing the court should dismiss the section 12022.5 firearm enhancements in light of mitigating circumstances. The memorandum presented certificates of achievement Lopez earned in prison and letters from Lopez's family, correctional officers, and fellow inmates.

---

[2]      The jury did not return a verdict on count 4 for first degree home invasion robbery, and the trial court dismissed this count at sentencing.

3

Lopez's counsel reiterated these arguments at the resentencing hearing. Specifically, counsel identified two mitigating circumstances under section 1385, subdivision (c): the presence of multiple enhancements and that Lopez's sentence exceeded 20 years. Aside from the enumerated mitigating factors, counsel also argued for striking the firearm enhancements because Lopez was 21 at the time of the offense and he had made rehabilitative efforts while incarcerated, including progress in his education, attendance at sobriety meetings, and commendations from prison staff and fellow inmates.

The People argued the court should not dismiss the firearm enhancements based on Lopez's conduct in the underlying offense and his role as the leader of the robbery, as well as his prison disciplinary record. The People noted that "[i]n 2001, [Lopez] attacked a fellow inmate with a weapon and was sentenced to 50 years to life [for assault and weapon possession]. In 2018, only five years ago, he again attacked an inmate and was sentence[d] to two years state prison" for battery.

The court struck the one-year section 667.5, subdivision (b), prior prison term enhancement, and it reduced Lopez's base upper-term sentence of nine years to a middle term of six years. The court declined to strike any of the section 12022.5 firearm enhancements in the interest of justice because in the underlying crime, Lopez "cocked . . . [and] pointed [the gun] to . . . the victim's head" and committed "separate acts of violence against two other individuals." The court commented that the "reasons to strike additional enhancement[s]" were "certainly balanced out by [Lopez's] record of violence in state prison." Without any

4

further changes to Lopez's original sentence, the court imposed a total term of 25 years.

Lopez timely appealed.

## DISCUSSION

Lopez's principal argument on appeal is that the superior court should have dismissed all but one of the firearm enhancements pursuant to section 1385, subdivision (c).

A. *The Superior Court Did Not Abuse Its Discretion By Declining To Dismiss the Firearm Enhancements*

1. *Governing Law and Standard of Review*

In 2021, the Legislature enacted Senate Bill No. 483 (Stats. 2021, ch. 728, § 3), "retroactively invalidat[ing] prison prior enhancements imposed pursuant to section 667.5, subdivision (b), except those that were based on a conviction for a sexually violent offense." (*People v. Green* (2024) 104 Cal.App.5th 365, 368 (*Green*); accord, *People v. Rogers* (2025) 108 Cal.App.5th 340, 348, fn. 5.) Senate Bill No. 483 enacted former section 1171.1, now section 1172.75. (See *Green*, at p. 370; *Rogers*, at p. 348, fn. 5.)

Section 1172.75 "establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.) The statute requires the CDCR to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (a). (§ 1172.75, subd. (b); see *Burgess*, at p. 380; accord, *People v. Gray* (2024) 101 Cal.App.5th 148, 163.) Once the court verifies that "the current judgment includes [such a] sentencing

5

enhancement . . . the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c); accord, *Gray*, at p. 163; *Burgess*, at p. 380.)

Resentencing under section 1172.75 is not limited to striking the section 667.5, subdivision (b), enhancement. Rather, the court must conduct a """full resentencing.""" (*Green*, *supra*, 104 Cal.App.5th at p. 373; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855.) Section 1172.75 directs the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Further, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

Effective 2018, the Legislature amended section 12022.5, giving sentencing courts new discretion to "strike or dismiss an enhancement otherwise required to be imposed by this section" "in the interest of justice pursuant to Section 1385." (§ 12022.5, subd. (c); see *People v. Jasso* (2025) 17 Cal.5th 646, 701.) This discretion applies "at the time of sentencing" and "to any resentencing that may occur pursuant to any other law." (§ 12022.5, subd. (c).)

6

Section 1385, in turn, provides that "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the [enumerated] mitigating circumstances . . . are present." (§ 1385, subd. (c)(2).) As relevant here, section 1385 specifies certain mitigating circumstances, including as relevant here, whether "[m]ultiple enhancements are alleged in a single case" (§ 1385, subd. (c)(2)(B)) and whether "[t]he application of an enhancement could result in a sentence of over 20 years" (§ 1385, subd. (c)(2)(C)). "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)

We review for abuse of discretion the court's decision under section 1385, subdivision (c), whether to dismiss sentencing enhancements in the interest of justice. (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298; *Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.) "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion"' to dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss.'" (*Nazir*, at p. 490.) To establish an abuse of discretion, "'[t]he burden is on the party attacking the

7

sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'"  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.)

2.      *Lopez Has Not Demonstrated the Court Abused Its Discretion By Declining To Strike the Firearm Enhancements*

Lopez first argues the superior court was required to dismiss three of the four firearm enhancements because it did not find that dismissal posed a danger to public safety.[3]  (See § 1385, subd. (c)(2).)  This argument is foreclosed by binding precedent.  In *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*), the California Supreme Court held that "section 1385, subdivision (c)(2) does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety."  (*Walker,* at p. 1033.)  In other words, even "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements [under section 1385] provided that it assigns significant value to the enumerated mitigating circumstances when they are present."  (*Id.* at p. 1029.)  Under *Walker*, the resentencing court was not required to find a danger to public safety before declining to strike the firearm enhancements.

---

[3]      At the resentencing hearing, Lopez argued the court should dismiss all four firearm enhancements.  Lopez expressly abandoned this position in his opening brief.

Lopez further argues the mitigating circumstances present in his case warranted dismissal of three section 12022.5 firearm enhancements. Lopez identifies two mitigating circumstances enumerated in section 1385, subdivision (c): that multiple sentencing enhancements were alleged in his case (see § 1385, subd. (c)(2)(B)) and the enhancements resulted in a sentence over 20 years (see § 1385, subd. (c)(2)(C)). Lopez also argues three additional factors not enumerated in section 1385 weighed in favor of striking the enhancements: that he was "a youthful offender when he committed the instant offenses," "he did not fire his weapon or injure the victims," and he "engaged in significant rehabilitative efforts while in prison."[4] Lopez contends that "[n]o reasonable court would impose multiple enhancements under these circumstances."

The superior court did not abuse its discretion by deciding the mitigating circumstances did not support dismissal of the firearm enhancements in light of the aggravating factors. While a sentencing court applying section 1385 must give "great weight" to evidence of any enumerated mitigating circumstances

---

[4] Lopez argued before the superior court and in his appellate briefing that he was a "youthful offender" at the time of the offense. But section 1385 only recognizes "juvenile" offender status. (§ 1385, subd. (c)(2)(G)). Lopez's age of 21 does not qualify as a "juvenile" offender mitigating circumstance. (See Welf. & Inst. Code, § 602 ["any minor who is between 12 years of age and 17 years of age, inclusive, when he or she violates any law . . . is within the jurisdiction of the juvenile court"]; *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1380 [defining "juvenile" as "persons under the age of 18"].) Lopez also does not argue the resentencing court was required to sentence him to a low term as a youthful offender under section 1170, subdivision (b)(6)(B).

(§ 1385, subd. (c)(2)), *Walker* explained that "ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'" (*Walker, supra,* 16 Cal.5th at p. 1036.)

Here, the superior court was required to give "great weight" to the two mitigating circumstances Lopez presented, multiple enhancements and a sentence over 20 years, because they are enumerated by section 1385, subdivision (c). (§ 1385, subd. (c)(2).) Lopez also highlighted his efforts toward rehabilitation and his relative youth at the time of the crime, although these circumstances are not enumerated factors under section 1385 and thus did not require any particular weight in the court's decision to strike the firearm enhancements. After hearing from Lopez's counsel and the People, the superior court considered the relevant mitigating circumstances and aggravating factors and concluded there was "no reason to strike the firearm [enhancements] in the interest of justice." The court stated it "read and considered [Lopez's] memorandum in support of resentencing," as well as the probation reports prepared in the case and the unpublished appellate opinion affirming Lopez's convictions. On this basis, the court expressly determined that Lopez's "reasons to strike additional enhancement[s]" were "certainly balanced out" by the aggravating factors, including "his violence in state prison and possession of a weapon while in state

10

prison," which led to Lopez's 2001 and 2018 convictions and respective sentences of 50 years to life and two years. (See § 1172.75, subd. (d)(3) [resentencing court "may consider . . . the disciplinary record . . . of the defendant while incarcerated"].)

This determination was not an abuse of discretion. (See *People v. Ponder* (2023) 96 Cal.App.5th 1042, 1052-1053 [no abuse of discretion in declining to dismiss firearm enhancement under section 1385 where "the trial court considered all the mitigating circumstances related to defendant" and relevant aggravating factors, and "gave great thought to whether to dismiss"]; *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1099 [same, where court acknowledged mitigating factor "but determined that other factors were collectively weightier"].) Although the court did not expressly discuss each of the mitigating circumstances and their respective weight when declining to strike the firearm enhancements, the record does not show that the court abused its discretion by failing to assign great weight to these circumstances. (See *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157 [no abuse of discretion where "[n]othing in the record demonstrates the trial court failed to assign significant value" to the mitigating factors].)

Although Lopez's efforts toward rehabilitation are commendable, he has not demonstrated the superior court abused its discretion by declining to strike the three firearm enhancements.

B. *Error in the Abstract of Judgment*

Lopez argues, the People concede, and we agree the abstract of judgment erroneously includes count 4, which the trial court dismissed at Lopez's original sentencing. We direct the

superior court to amend the abstract of judgment to remove the reference to count 4. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 186-187 [appellate court may order correction of clerical errors in the abstract of judgment].)

## DISPOSITION

The superior court's section 1172.75 resentencing order is affirmed. We direct the court to modify the abstract of judgment to strike the reference to count 4.

MARTINEZ, P. J.

We concur:

SEGAL, J.

STONE, J.